# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 09-779V
Filed: July 28, 2016
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EMI BURKE and KEVIN BURKE,
as Parents/Next Friends and
Legal Representatives of C.B.,
Their Minor Son,

     Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

     Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Attorneys' fees and costs decision; respondent does not object

Ronald W. Cox, Rockville, MD, for petitioners.
Glenn A. MacLeod, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On November 13, 2009, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act") alleging their minor son, C.B., developed an encephalopathy, seizure disorder, and profound developmental delays as a result of his receipt of the Diphtheria-Tetanus-acellular Pertussis, inactivated polio, hepatitis B, haemophilus influenzae type b, and pneumococcal conjugate vaccines on February 20, 2007. On May 27, 2016, the undersigned issued a decision awarding compensation to petitioners based on

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

the parties' stipulation.

On June 23, 2016, petitioners filed a motion for attorneys' fees and costs. Petitioners request $112,686.29 in attorneys' fees and costs. In accordance with General Order #9, petitioners filed a signed statement explaining they have expended only nominal sums in prosecuting this claim and that they do not seek reimbursement for these sums. On July 28, 2016, respondent filed a response to petitioners' application for attorneys' fees and costs. Respondent explains that she does not object to the overall amount sought by petitioners. Resp. at 1. Respondent further explains that her lack of objection "should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." Id.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioners' request and the lack of opposition, the undersigned **GRANTS** petitioners' application for attorneys' fees and costs.

Accordingly, the undersigned awards **$112,686.29** representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioners and McCarthy Wilson, LLP in the amount of **$112,686.29**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 28, 2016                                                                 s/ Laura D. Millman
                                                                                                    Laura D. Millman
                                                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.